OPINION
{¶ 1} Defendant, Jerome McDougald, was indicted on one countof attempted tampering with evidence in violation of R.C.2923.02, 2921.12(A)(1). Defendant filed a motion to suppress thestatements he made to police. Following a hearing, the trialcourt overruled Defendant's motion to suppress. Pursuant to aplea agreement, Defendant entered a plea of no contest to thecharge. In exchange, the parties jointly recommended a six monthprison sentence, concurrent with the time Defendant was alreadyserving, plus one hundred fifty days of jail time credit. Thetrial court accepted Defendant's plea, found him guilty, andimposed the six months sentence jointly recommended by bothparties.
 {¶ 2} Defendant timely appealed to this court from hisconviction and sentence. Defendant's appellate counsel filed anAnders brief, Anders v. California (1967), 386 U.S. 738,stating that she could not find any meritorious issues forappellate review. Appellate counsel further states in her Andersbrief that Defendant's present location is unknown to her, andcounsel has been unable to contact Defendant. This court islikewise unaware of Defendant's whereabouts. Accordingly, we willaddress the three potential errors raised in appellate counsel'sAnder's brief, as well as conduct our own independent review ofthe trial record for any errors having arguable merit.
 {¶ 3} Appellate counsel claims that one potential argumentthat could be raised on appeal is that the trial court erred inconcluding that the statements Defendant made at the crime sceneto police were not the product of custodial interrogation andtherefore Miranda warnings were not required.
 {¶ 4} When considering a motion to suppress, the trial courtassumes the role of the trier of facts and, as such, is in thebest position to resolve conflicts in the evidence and determinethe credibility of the witnesses and the weight to be given totheir testimony. State v. Retherford (1994),93 Ohio App.3d 586. The court of appeals must accept thetrial court's findings of fact if they are supported by competent,credible evidence in the record. Id. Acceptingthose facts as true, the appellate court must then independentlydetermine, as a matter of law and without deference to the trialcourt's legal conclusion, whether the applicable legal standard issatisfied. Id.
 {¶ 5} The facts found by the trial court are as follows:
 {¶ 6} "The State called Sheriff's Detective Sargent StevenLord as a witness. The Court finds his testimony credible. OnSeptember 11, 2002 at around 4:00 p.m., Detective Lord and otherDeputy Sheriffs were in the process of executing a search warrantwhich authorized a search for evidence of trafficking in crackcocaine at Room 215 at the Howard Johnson Hotel in Piqua, MiamiCounty, Ohio.
 {¶ 7} "This location is known by law enforcement persons as ahigh crime area for drug trafficking in cocaine. At least twoconfidential informants had informed Detective Lord of the highincidence of drug trafficking at the motel. Recently, there hadbeen a homicide related to a drug trafficking deal `gone bad' atthat location. When Detective Lord informed Piqua PoliceDepartment that he was going to be executing a search warrant atthe motel, the Piqua police officer informed him that it was alocation where high levels of drug trafficking took place.
 {¶ 8} "Detective Lord and Detective Dave Duchak wereinterviewing Steven Johnson the occupant of the motel room beingsearched, in an unmarked car when two vehicles approached.
 {¶ 9} "A Chevrolet parked next to Lord's vehicle. As a Mazdaautomobile parked on the other side of the Chevrolet, Lordrecognized the passenger in the Mazda, Steven Karnhem. Lord knewhim as a user of crack cocaine. Lord asked Johnson if he knew thepassenger (Karnhem) and Johnson said that he was one of his crackcocaine customers. The Defendant was seated in the frontpassenger seat of the Chevrolet.
 {¶ 10} "Lord observed Steve Karnhem walk to the driver of theChevrolet. Lord watched Karnhem receive money from the driver ofthe Chevrolet. Then Karnhem walked into the motel.
 {¶ 11} "Duchak got out of the car and approached the Mazda,held up his badge, and identified himself as a Deputy Sheriff.Lord wore a vest which identified him as a Deputy Sheriff. Lordapproached the Chevrolet. As Lord told the occupants of theChevrolet to put their hands up where Lord could see them he sawthe driver and the Defendant engaging in furtive hand and armmovement. In the meantime, Lord had drawn his pistol and saw theDefendant throw `some stuff' out of the passenger side window ofthe vehicle.
 {¶ 12} "As Lord approached the Defendant he saw pieces oftobacco `all over' the Defendant's lap. After the Defendant wasremoved from the vehicle, Lord observed a `blunt' and sometobacco laying on the concrete about eighteen inches from thecar. A `blunt' is a hollowed out cigar which has been refilledwith marijuana.
 {¶ 13} "The Defendant told Lord that his name was CharlesStrickland and gave Lord a Social Security number thatcorresponded to that name. After the Defendant was removed fromthe car, he was patted down for weapons. Also, with his consent,Lord searched him, but found nothing.
 {¶ 14} "Lord expanded the search of the area around theChevrolet and found a bag containing suspected crack cocaine onthe side walk about five to seven feet from the blunt on theDefendant's side of the Chevrolet. After the Defendant had beendetained, but prior to the time Lord placed the Defendant underarrest, he admitted throwing the blunt out of the car, but deniedthrowing the crack cocaine. This statement was not made undercircumstances which are the equivalent to `custodialinterrogation' as envisioned in Miranda v. Arizona."
{¶ 15} In discussing whether police questioning constitutescustodial interrogation and therefore requires Mirandawarnings, in State v. Hopfer (1996), 112 Ohio App.3d 521,545-546, this court stated:
 {¶ 16} "The United States Supreme Court in Miranda v.Arizona (1966), 384 U.S. 436, 444, 86 S.Ct. 1602, 1612,16 L.Ed.2d 694, 706, defined a custodial interrogation as`questioning initiated by law enforcement officers after a personhas been taken into custody or otherwise deprived of his freedomof action in any significant way.' Custodial interrogation ismeasured by an objective standard, not by the subjectiveunderstanding of the suspect.
 {¶ 17} "`A policeman's unarticulated plan has no bearing onthe question whether a suspect was "in custody" at a particulartime; the only relevant inquiry is how a reasonable man in thesuspect's position would have understood his situation.'Berkemer v. McCarty (1984), 468 U.S. 420, 442, 104 S.Ct. 3138,3151, 82 L.Ed.2d 317, 336.
 {¶ 18} "Accordingly, we must determine whether a reasonableperson in Hopfer's position would have believed that she was notfree to leave the presence of the sheriff's deputies and forgofurther questioning."
 {¶ 19} After reviewing the record of the suppression hearingand accepting as true the facts as found by the trial court, webelieve that a reasonable person in Defendant's position, havingbeen ordered by a police officer holding a gun to get out of hisvehicle, would not have believed that he was free to walk awayfrom police and not cooperate with their investigation. In thatregard, Detective Lord specifically testified that Defendant wasnot free to leave. While the atmosphere which surrounds a typicaltraffic stop or Terry investigative stop is comparativelynon-threatening in character such that the detainee is not "incustody" for purposes of Miranda, Berkemer v. McCarty (1984,468 US. 420, 439, that is not the case given the particular factshere. Accordingly, we have serious reservations about thecorrectness of the trial court's legal conclusion thatDefendant's statement made in the motel parking lot, admittingthat he threw the "blunt" out of the car window when officersapproached, which appears to have been made in response to policequestioning, nevertheless was not the product of "custodialinterrogation," and therefore Miranda warnings were notrequired.
 {¶ 20} Even assuming that the trial court erred in failing tosuppress Defendant's incriminating statement he made at the scenebecause it was not preceded by the necessary Miranda warnings,subsequent events cured that error and rendered it completelyharmless. After police arrested Defendant and transported him tothe Sheriff's Office, he was interrogated. Before beingquestioned, Defendant was read his Miranda rights, acknowledgedthat he understood his rights, and agreed to waive them and speakwith police. During the questioning that followed Defendant madethe exact same incriminating admission he had earlier made at thescene, that he threw the "blunt" out of the car window whenofficers approached. This latter admission was admissibleevidence. Thus, any error on the part of the trial court in notsuppressing Defendant's earlier incriminating statement he madeat the crime scene is harmless. This potential issue lacks anyarguable merit.
 {¶ 21} Another possible argument that appellate counsel claimscould be raised on appeal is that there was no lawful basis forthe arrest of Defendant. Clearly, neither Defendant nor thevehicle he was riding in were the subjects of the search warrantpolice executed at room 215 of the Howard Johnson's motel,looking for crack cocaine and other evidence of illegal drugactivity. However, while police were interviewing the man theydiscovered inside room 215, Steven Johnson, a Mazda and aChevrolet pulled into the motel parking lot and parked next tothe unmarked police vehicle where the questioning of Johnson wastaking place. Johnson identified for police the passenger of theMazda as Steven Karnehm, one of his crack cocaine customers.Karnehm exited the Mazda and went over to the driver of theChevrolet who gave Karnehm some money. Karnehm then entered themotel. At that point police had reasonable suspicion to believethat criminal activity might be afoot: that the men in the twovehicles might have come to the motel to engage in illegal drugtransactions. That justified an investigative stop. Terry v.Ohio (1968), 392 U.S. 1.
 {¶ 22} When officers approached the Mazda and the Chevrolet inwhich Defendant was a passenger, officers observed Defendantthrow something out the passenger window. Officers recovered a"blunt," a hollowed out cigar that had been refilled withmarijuana, from the ground next to the passenger side of theChevrolet. Defendant's lap was covered with what appeared to betobacco. About five to seven feet away from that blunt, policealso discovered a bag with crack cocaine inside.
 {¶ 23} On these facts and circumstances, police clearly hadprobable cause to arrest Defendant. This potential issue forappeal lacks any arguable merit.
 {¶ 24} As a final potential issue for appeal, appellatecounsel claims that it was error to permit Defendant to waive apreliminary hearing without counsel. However, in cases such asthis one where Defendant has been charged with a felony offense,which may only be done by indictment, neither the completeabsence of a preliminary hearing nor the failure to appointcounsel before the preliminary hearing denies Defendant anyconstitutional rights. Douglas v. Maxwell (1963),175 Ohio St. 317. See also: Crim.R. 5(B), 7(A). This potential issue forappeal lacks any arguable merit.
 {¶ 25} In addition to the potential errors raised by appellatecounsel, we have conducted an independent review of the trialcourt's proceedings and have found no error having arguablemerit. Accordingly, Defendant's appeal is without merit and thejudgment of the trial court will be affirmed.
 Judgment affirmed.
 Brogan, J. and Young, J., concur.